IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

CINDY PIMENTEL,

    Plaintiff,

vs.

CASE NO.:
DIVISION:

FAMILY DOLLAR STORES OF FLORIDA, LLC,
a Virginia Limited Liability Company, f/k/a FAMILY
DOLLAR STORES OF FLORIDA, INC., a
Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cindy Pimentel ("Pimentel" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, Family Dollar Stores of Florida, LLC, a Virginia Limited Liability Company, f/k/a, Family Dollar Stores of Florida, Inc., a Florida corporation, and alleges as follows:

## NATURE OF ACTION

1. This action asserts claims for pregnancy discrimination and retaliation by Pimentel against Family Dollar Stores under the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes.

## JURISDICTION AND VENUE

2. The instant suit is a claim for damages in excess of $15,000.00.

3. This Court has jurisdiction over Pimentel's claims pursuant to section 26.012(2)(a), Florida Statutes, section 760.11(4), (5), and (8), Florida Statutes, and section 448.103(1)(a), Florida Statutes.

4. Venue is proper in the Eighteenth Judicial Circuit of Florida because the unlawful employment practices were committed within the Eighteenth Judicial Circuit.

## PARTIES

5. At all times material hereto, Pimentel was a resident of Seminole County, Florida.

6. At all times material hereto, Family Dollar Stores of Florida, Inc., was a Florida corporation doing business in Seminole County, Florida. That entity merged with Family Dollar Stores of Florida, Inc., a Virginia corporation to form the current entity, Family Dollar Stores of Florida, LLC (hereafter "Family Dollar").

7. At all times material hereto, Family Dollar was an "employer" as defined by section 760.02(7), Florida Statutes, because it employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

8. At all times material hereto, Family Dollar was the employer of Pimentel.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Pimentel exhausted her administrative remedies under the FCRA by dual-filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within three hundred sixty-five (365) days of the discriminatory conduct alleged in this action.

10. The EEOC made no determination as to the merits of Pimentel's allegations within the one hundred eighty (180) day period following the filing of the Charge of Discrimination. As a result, Pimentel has satisfied any and all administrative requirements precedent to the filing of this action and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Family Dollar is a variety store chain with over eight thousand (8,000) locations nationwide.

12. Pimentel began working for Family Dollar in January 2014 as a field specialist at Family Dollar's Altamonte Springs, Florida, location.

13. During Pimentel's employment with Family Dollar, she was a productive and successful employee.

14. During Pimentel's employment with Family Dollar, she was supervised by District Manager Jesus Medrano ("Medrano").

15. In July 2014, Pimentel learned that she was pregnant.

16. Shortly after learning she was pregnant, Pimentel notified Medrano.

17. In response, Medrano stated that he would demote Pimentel and decrease her compensation.

18. Medrano further complained openly regarding Pimentel's scheduling of routine appointments with her treating physician related to her pregnancy.

19. On or about September 17, 2014, Pimentel took time off to see her treating physician for a routine check-up related to her pregnancy.

20. While Pimentel was out, Medrano contacted her and advised her that she would not be permitted to return to work unless she presented a note from her physician and a completed form requesting workplace accommodations.

21. Pimentel provided a physician's note releasing her to full duty.

22. Pimentel explained to Medrano that she did not require any workplace accommodations.

23. Despite providing the physician's note and the assurances that she did not require workplace accommodations, Medrano continued to demand that Pimentel complete a request for accommodations form as a condition of her reinstatement.

24. Pimentel discussed Medrano's comments with Family Dollar's Human Resources Department.

25. Family Dollar, through its Regional Vice President Mike McKinley, responded to Pimentel's report by terminating her employment on September 24, 2014.

26. Subsequently, Family Dollar's Human Resources Department contacted Pimentel and offered her the opportunity to return to work at a different location, further from her home, at a lower rate of pay.

27. Pimentel declined the offer.

## COUNT I
## PREGNANCY DISCRIMINATION (FCRA)

28. Pimentel hereby incorporates the allegations set forth in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Pimentel is a qualified individual under the FCRA. Specifically, at all times material hereto, Pimentel was female and was pregnant.

30. At all times material hereto, Pimentel, as a field specialist, was qualified to perform the essential functions of her position.

31. The FCRA prohibits employers from discriminating against employees on the basis of pregnancy.

32. Family Dollar discriminated against Pimentel through Medrano's threats to demote her and decrease her pay; through Medrano's multiple complaints regarding her scheduling of routine doctor's appointments related to her pregnancy; through Medrano's

4

demand that she complete a request for accommodations form as a condition of her reinstatement, despite her physician stating that she did not have any restrictions; and by terminating her employment.

33. The actions of Family Dollar make reinstatement ineffective as a make-whole remedy, entitling Pimentel to front pay in lieu of reinstatement.

34. The actions of Family Dollar were willful, wanton, intentional, and/or were performed with malice and/or with reckless indifference to Pimentel's protected rights under the FCRA, thereby entitling Pimentel to punitive damages.

35. As a direct and proximate result of Family Dollar's discriminatory conduct, Pimentel has incurred, and will continue to incur, economic damages in the forms of lost wages and benefits, and other compensable damages in the forms of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

36. Pimentel has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Pimentel demands judgment against Family Dollar for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Attorneys' fees and costs of this action pursuant to section 760.11(5), Florida Statutes; and

f. Such other relief as this Court deems just and proper.

## COUNT II
## RETALIATION (FCRA)

37. Pimentel hereby incorporates the allegations set forth in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

38. Family Dollar violated the FCRA by retaliating against Pimentel for objecting to the unlawful pregnancy discrimination to which she was being subjected, with such practices constituting unlawful employment practices, and for exercising her right to accommodations necessitated by her pregnancy that were available to similarly-situated employees.

39. Family Dollar took adverse employment actions against Pimentel through Medrano's threats to demote her and decrease her pay; through Medrano's multiple complaints regarding her scheduling of routine doctor's appointments related to her pregnancy; through Medrano's demand that she complete a request for accommodations form as a condition of her reinstatement, despite her physician stating that she did not have any restrictions; and by terminating her employment.

40. The adverse employment actions suffered by Pimentel were causally related to, and in retaliation for, Pimentel complaining about, and objecting in good faith to, unlawful pregnancy discrimination as prohibited by the FCRA.

41. The actions of Family Dollar were willful, wanton, intentional, and/or were performed with malice and/or with reckless indifference to Pimentel's protected rights under the FCRA, thereby entitling Pimentel to an award of punitive damages.

42. The actions of Family Dollar make reinstatement ineffective as a make-whole remedy, entitling Pimentel to front pay in lieu of reinstatement.

43. As a direct, proximate, and foreseeable result of Family Dollar's retaliatory actions, Pimentel has suffered past and future pecuniary losses, emotional pain, suffering,

embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, and other non-pecuniary losses and intangible injuries.

44. Pimentel has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Pimentel demands judgment against Family Dollar for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Attorneys' fees and costs of this action pursuant to section 760.11(5), Florida Statutes; and

f. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Cindy Pimentel, hereby demands trial by jury on all issues so triable as a matter of right.

Date: November 29, 2017

Respectfully submitted,

/s/ David H. Spalter
David H. Spalter, Attorney at Law
Florida Bar No. 966347
Jill S. Schwartz, Attorney at Law
Florida Bar No. 523021
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 West Morse Boulevard, Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911 / Fax: (407) 628-4994
E-mail: dspalter@schwartzlawfirm.net
E-mail: jschwartz@schwartzlawfirm.net
Attorneys for Plaintiff